JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

DENISE MARIE BARTON (MABN 634052)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7359
Facsimile: (415) 436-7234
denise.barton@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> SHANNON BLAYLOCK and ) <br> TAWAKONI SEATON, ) <br> ) <br> Defendants ) <br> ) | No.07-0454 PJH <br><br> **UNITED STATES' OMNIBUS MOTIONS IN LIMINE TO** <br><br> **(1) TO ADMIT EVIDENCE OF UNCHARGED CONDUCT AS INEXTRICABLY INTERTWINED OR PURSUANT TO FEDERAL RULE OF EVIDENCE 404(B)** <br><br> **(2) TO BAR DEFENSE REFERENCE TO INADMISSABLE HEARSAY** <br><br> **(3) TO LIMIT CROSS-EXAMINATION TO THE LIMITS SET FORTH BY LAW** <br><br> **(4) TO BAR REFERENCE TO PENALTY OR COLLATERAL CONSEQUENCE** <br><br> **(5) TO ADMIT THE DEFENDANTS' PRIOR CONVICTIONS UNDER FEDERAL RULE OF EVIDENCE 609** <br><br> Pre-Trial Conference: August 27, 2008 <br> Time:      1:30 p.m. <br><br> Trial Date:   September 15, 2008 <br> Time:      8:30 a.m. |

UNITED STATES' OMNIBUS MOTIONS IN LIMINE, CR 07-0454 PJH

**TABLE OF CONTENTS**

PAGE NO.

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

1.   The Court Should Admit Evidence of Uncharged Conduct As Inextricably
     Intertwined Evidence Or Pursuant to Federal Rule of Evidence 404(b). . . . . . . . . . . . . . 1

     a.   The Evidence Is Inextricably Intertwined Evidence. . . . . . . . . . . . . . . . . . . 1

     b.   The Evidence Would Be Admissible As Rule 404(b) Evidence. . . . . . . . . 2

2.   The Court Should Bar Any Efforts By The Defendant To Introduce His Statements
     Through Third Parties. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

3.   This Court Should Limit Cross-Examination To The Limits Set Forth By Law. . . . . . . . 5

     a.   Exclusion of Prior Conduct Unrelated to Truthfulness
          or Untruthfulness. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

     b.   Specific Instances of Conduct May Not Be Proven By
          Extrinsic Evidence. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

     c.   Federal Rule of Evidence 103(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

4.   The Court Should Bar Reference to Any Penalty or Collateral Consequence. . . . . . . . . . 7

5.   The Court Should Admit the Defendants' Prior Convictions Under Federal Rule of
     Evidence 609. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF AUTHORITIES**

PAGE NO.

**FEDERAL CASES**

*Pope v. United States*,
    298 F.2d 507 (5th Cir. 1962). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Rogers v. United States*,
    422 U.S. 35 (1975).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Arambula-Ruiz*,
    987 F.2d 599 (9th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Ayers*,
    924 F.2d 1468 (9th Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Basinger*,
    60 F.3d 1400 (9th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Beckman*,
    298 F.3d 788 (9th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

*United States v. Brashier*,
    548 F.2d 1315 (9th Cir. 1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*United States v. Cameron*,
    814 F.2d 403 (7th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*United States v. Collicott*,
    92 F.3d 973 (9th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Cook*,
    608 F.2d 1175 (9th Cir. 1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Frank*,
    956 F.2d 872 (9th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Green*,
    648 F.2d 587 (9th Cir. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Hastings,*
    577 F.2d 38 (8th Cir. 1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

UNITED STATES' OMNIBUS MOTIONS IN LIMINE, CR 07-0454 PJH

ii

**TABLE OF AUTHORITIES (Continued)**

PAGE NO.

*United States v. Jackson*,
    84 F.3d 1154 (9th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Jones*,
    982 F.2d 380 (9th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Leyva*,
    659 F.2d 118 (9th Cir. 1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Martinez-Martinez*,
    369 F.3d 1076 (9th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Olano*,
    62 F.3d 1180 (9th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Ortega*,
    203 F.3d 675 (9th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Otis*,
    127 F.3d 829 (9th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Plancarte-Alvarez*,
    366 F.3d 1058 (9th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*United States v. Prescott*,
    581 F.2d 1343 (9th Cir. 1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Ramirez-Jiminez*,
    967 F.2d 1321 (9th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Reed*,
    726 F.2d 570 (9th Cir. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Romano*,
    849 F.2d 812 (3rd Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Vizcarra-Martinez*,
    66 F.3d 1006 (9th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*United States v. Williams*,
    291 F.3d 1180 (9th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**TABLE OF AUTHORITIES (Continued)**

PAGE NO.

**FEDERAL RULES**

Fed. R. Evid. 103(c)........................................................... 6

Fed. R. Evid. 106.............................................................. 4

Fed. R. Evid. 401.............................................................. 1

Fed. R. Evid. 402.............................................................. 1

Fed. R. Evid. 403.............................................................. 3

Fed. R. Evid. 609.............................................................. 6

Fed. R. Evid. 609(b)........................................................... 9

Fed. R. Evid. 801(d)(2)(A).................................................... 4

NOW COMES THE UNITED STATES OF AMERICA, and files its motions *in limine*[1]:

1. <u>The Court Should Admit Evidence of Uncharged Conduct As Inextricably Intertwined Evidence Or Pursuant to Federal Rule of Evidence 404(b)[2]</u>

    a.   *The Evidence Is Inextricably Intertwined Evidence*

The United States intends to offer evidence of defendants' activities in relation to the victim prior to her arrival in the Northern District of California. The defendants' actions were all part of the continuing effort to prostitute the victim. Further, presentation of this evidence is the only coherent and comprehensible means to present the full story of how the defendants came to prostitute the victim in the Northern District of California. Anticipating an objection to this evidence, the United States seeks a ruling from the Court regarding admissibility prior to trial.

"All relevant evidence is admissible." Fed. R. Evid. 402. Evidence is relevant if it tends "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable." Fed. R. Evid. 401. The proffered evidence here is "inextricably intertwined with the crime[s] charged," and is therefore direct evidence that does not even implicate Rule 404(b). *United States v. Beckman*, 298 F.3d 788, 793-794 (9th Cir. 2002)(evidence of prior drug courier activity admissible to present the entire story of events); *United States v. Williams*, 291 F.3d 1180, 1189 (9th Cir. 2002), *overruled on other grounds*, 506 F.3d 940 (9th Cir. 2007); *see also United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012–13 (9th Cir. 1995) (holding that evidence is directly admissible if it "constitutes a part of the transaction that serves as the basis for the criminal charge" or "was necessary to . . . permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime"). This exception applies when (1) particular acts of a defendant are part of a single criminal transaction, or (2) when the evidence is necessary to admit in order to allow the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime. *Beckman*, 298 F.3d at 793-794.

---

[1] The United States has filed two other motions in limine under seal.

[2] In this Motion, all references to "Rule" or "Rules" are to the Federal Rules of Evidence unless otherwise noted.

In *Beckman*, the court upheld a cooperating witness' testimony regarding the defendant's prior marijuana drug runs as a courier as being both inextricable intertwined with the charged offenses of marijuana trafficking and under Rule 404(b).  With regard to the first basis for admissibility, the court stated:

> The other act testimony was intended to establish (the witness') relationship to (the defendant), to show that the relationship was ongoing, to refute (the defendant's claim) that he had no knowledge that marijuana was in the trailer, and to explain why (the defendant) was entrusted with marijuana valued at over $1,000,000.

*Beckman*, 298 F.3d at 794.  Just as in *Beckman*, the United States seeks to introduce evidence that will explain how the crime charged came to be committed in this District.  Accordingly, this evidence should be admitted.

      b.    *The Evidence Would Be Admissible As Rule 404(b) Evidence*

If this Court does not regard this evidence as "inextricably intertwined" and admissible on that basis, it is still admissible under Federal Rule of Evidence 404(b), which provides in pertinent part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident....

Evidence of prior bad acts is admissible under this rule if (1) the evidence tends to prove a material element of the offense charged, (2) the prior act is not too remote in time, (3) the evidence is sufficient to support a finding that the defendant committed the other act, and (4) in cases where knowledge and intent are at issue, the act is similar to the offense charged.  *United States v. Plancarte-Alvarez*, 366 F.3d 1058, 1062 (9th Cir. 2004).  The exceptions of knowledge, plan, motive, and opportunity are all closely related and it is unnecessary to specify the exception within which a particular item of evidence is admissible.  *United States v. Green*, 648 F.2d 587, 592 (9th Cir. 1981).  The Ninth Circuit construes Rule 404(b) as a rule of inclusion and evidence of other crimes or acts is admissible thereunder except where it tends to prove only criminal disposition.  *United States v. Ayers*, 924 F.2d 1468, 1472-1473 (9th Cir. 1991).

In admitting Rule 404(b) evidence, the district court is not required to make a preliminary finding that the government has proved the "other act" evidence by a preponderance of the evidence before submitting such evidence to the jury. *United States v. Plancarte-Alvarez*, 366 F.3d at 1062. Rather, the district court need only determine that there is sufficient evidence to support a finding by the jury that the defendant committed the similar act. *Id.* The district court must also analyze the proffered evidence pursuant to F.R.E. Rule 403 and determine whether its probative value outweighs its prejudicial effect. *United States v. Arambula-Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993).

The evidence to be offered falls squarely within the exceptions recognized in Rule 404(b) - "intent, preparation, plan, knowledge, . . . or absence of mistake or accident." In *United States v. Basinger*, 60 F.3d 1400, 1407-1408 (9th Cir. 1995), the Ninth Circuit upheld the admission of testimony relating to an uncharged traffic stop and arrest in California in a methamphetamine manufacturing case in Washington. The traffic stop resulted in the seizure of slightly more than one gram of methamphetamine, $10,440 cash, and a 90-pound drum of red phosphorus from the defendant's vehicle. The court held that evidence of the prior arrest was relevant to prove both knowledge and intent which are necessary elements of the offense charged. *See also United States v. Otis*, 127 F.3d 829, 834 (9th Cir. 1997) (evidence of prior drug conviction properly admitted to show familiarity with cocaine business and an inference of knowledge); *United States v. Jackson*, 84 F.3d 1154,1158-1159 (9th Cir. 1996)(evidence of a prior arrest and drug sales were relevant to proof of knowledge and opportunity and therefore admissible); *United States v. Jones*, 982 F.2d 380, 382-383 (9th Cir. 1992) (admitting regarding prior uncharged rug distribution to explain co-conspirator relationship and place the offense conduct in context); *United States v. Ramirez-Jiminez*, 967 F.2d 1321, 1325-1327 (9th Cir. 1992) (prior false statement by defendant was probative of intent and properly admitted).

For all these reasons, this Court should permit introduction of the proffered evidence.

//
//
//

2.       **The Court Should Bar Any Efforts By The Defendant To Introduce His Statements Through Third Parties**

The United States respectfully moves this Court to preclude the defense from making reference, in front of the jury, to out-of-court statements made by the defendants, including all statements made by him/her to any co-conspirator or to any other person at any time. To the extent that the United States elicits the defendants' statements from any witnesses, these statements are admissions of a party-opponent and therefore not hearsay. Fed. R. Evid. 801(d)(2)(A). However, to the extent that the *defendants* seek admission of his/her statements, they constitute inadmissible hearsay. This is true even if the defendants' statements may be exculpatory, and even if such exculpatory statements are elicited on cross-examination of the United States' witnesses. *See, e.g., United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000) (holding that "the district court did not abuse its discretion when it limited Ortega's ability to elicit his exculpatory hearsay statements on cross-examination" because otherwise "Ortega would have been able to place his exculpatory statements before the jury without subjecting himself to cross-examination, precisely what the hearsay rule forbids" (internal quotation and editing marks omitted)).

To the extent that government witnesses testify about some, but not all, of the statements uttered by the defendants during the alleged conspiracy and its investigation, the defense may not elicit other oral statements by the defendants under the guise of the "rule of completeness." The rule of completeness applies only to written or recorded statements, *see* Fed. R. Evid. 106, and is therefore inapplicable to the defendants' oral statements. Moreover, it is inappropriate to use the rule of completeness as a shoehorn for admitting hearsay or otherwise inadmissible evidence. *United States v. Collicott,* 92 F.3d 973, 983 (9th Cir. 1996) ("Rule 106 does not render admissible the evidence which otherwise is inadmissible under hearsay rules." (internal quotation marks omitted)).

Accordingly, the United States hereby moves in limine for an order precluding the defense from eliciting any statements made by the defendants: (1) from any government witnesses who testifies at trial; (2) from the defendants should he/she elect to testify; or (3) from any third party

1  witnesses the defense may seek to call at trial.

3     3.    <u>This Court Should Limit Cross-Examination To The Limits Set Forth By Law</u>

4     The government hereby moves this court to instruct the defendants, their attorneys, and through their attorneys, all witnesses called by them, that they comply with the following in limine order:

> The defendants shall confine their cross examination and other impeachment of any witness to the limits set forth by law and shall further provide to the court and the government, outside the presence of the jury, a proffer of their proposed impeachment of the victim and her grandmother during cross examination prior to commencement of the cross examination.

The United States makes this request for the following reasons, described in further detail below: the victim and her grandmother are both expected testify in the United States' case-in-chief. Although unaware of what the defendants' proposed cross-examination of these witnesses will be, the United States has concerns that the defense will impermissibly attempt to elicit evidence of bad acts or prior uncharged conduct to improperly attack their characters, rather than credibility.

   a.    *Exclusion of Prior Conduct Unrelated to Truthfulness or Untruthfulness*

Rule 608(b) provides that in the discretion of the court, a witness may be asked about prior conduct that bears on truthfulness or untruthfulness. The Rule provides in part:

> The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness . . .

The caveat is that the conduct must concern the witness' character for truthfulness or untruthfulness. Not all "bad acts" by a witness, however, are necessarily probative of that witness' character for truthfulness. For example, prior drug use, sexual history, or possession of a weapon are not matters that bear upon the credibility or character of a witness. Impeachment evidence should not be admitted where it is offered "for the sole purpose of making a general character attack." *United States v. Cameron*, 814 F.2d 403, 405 (7th Cir. 1987). In *Cameron*, defense counsel sought to impeach a key government witness with evidence of his prior drug use on the

theory that the witness engaged in "a lifestyle of crime and disrespect for law and, therefore, [is] likely to have no compunction about lying under oath." *Id.* at 405. The court held that the district court properly excluded the evidence when offered for this purpose. *Id.* In *United States v. Hastings*, defense counsel sought to impeach a key government witness in a counterfeiting case by cross-examining the witness regarding the fact of, and the events underlying, the witness' less-than-honorable discharge from the United States Marine Corps. 577 F.2d 38, 41 (8th Cir. 1978) The court found that there was no showing that the witness' conduct would have any relevance concerning his propensity to tell the truth. *Id*. The court also excluded an attack on another witness' credibility through cross-examination regarding his alleged participation in drug transactions. *Id.* at 41-42.

      b.      *Specific Instances of Conduct May Not Be Proven By Extrinsic Evidence*

Evidence of specific instances of conduct of a witness, when offered for the purpose of attacking or supporting the character for truthfulness of the witness, may not be proven by extrinsic evidence, i.e., testimony of third parties, other than as provided by Fed. R. Evid. 609. Rule 608(b) provides in part

> Specific instances of conduct of a witness . . . may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness"

If the Court does permit the defendants to inquire of specific acts concerning truthfulness or non-truthfulness, the defendant is limited to the answer received in cross-examination and may not "prove up" any allegations by extrinsic evidence, including testimony through any other witness, including the defendant.

      c.      *Federal Rule of Evidence 103(c)*

The government's request to have the proposed impeachment reviewed prior to cross-examination is based in part on Fed. R. Evid. 103(c), which provides as follows:

> In jury cases, proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury.

As the Supreme Court Advisory Committee's notes to Rule 103(c) point out: "[t]his subdivision

proceeds on the supposition that a ruling which excludes evidence in a jury case is likely to be a pointless procedure if the excluded evidence nevertheless comes to the attention of the jury." *See also United States v. Prescott*, 581 F.2d 1343, 1352 (9th Cir. 1978) (inadmissible evidence, which can readily be misinterpreted by the jury, should not be admitted just to put the relevant facts in their true setting); *United States v. Romano*, 849 F.2d 812, 815 (3rd Cir. 1988) (trial judge has a duty to limit the jury's exposure to only that which is probative and relevant and must attempt to screen from the jury any proffer that it deems irrelevant.)

    4.    <u>The Court Should Bar Reference to Any Penalty or Collateral Consequence</u>

The United States moves to preclude the defendant from making any reference to the potential penalties or collateral consequences upon conviction. "It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict." *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1992). Information about penalty and punishment draws the attention of the jury away from their chief function as the sole judges of the facts, opens the door to compromise verdicts, and confuses the issues to be decided. *See United States v. Olano*, 62 F.3d 1180, 1202 (9th Cir. 1995); *United States v. Frank*, 956 F.2d at 879. As explained by the Fifth Circuit in *Pope v. United States*, 298 F.2d 507, 508 (5th Cir. 1962):

> To inform the jury that the court may impose minimum or maximum sentence, will or will not grant probation, when a defendant will be eligible for parole, or other matters relating to disposition of the defendant, tend to draw the attention of the jury away from their chief function as sole judges of the facts, open the door to compromise verdicts and to confuse the issue or issues to be decided.

For this reason, it is the practice in the federal courts to instruct juries that they are not to be concerned with the consequences to the defendant of the verdict, except where required by statute. *Rogers v. United States*, 422 U.S. 35, 40 (1975) (holding that the jury should have been admonished that it "had no sentencing function and should reach its verdict without regard to what sentence might be imposed"); *United States v. Reed*, 726 F.2d 570, 579 (9th Cir. 1984) (finding that the trial judge properly instructed the jury that the "punishment provided by law for the offenses charged in the indictment are matters exclusively within the province of the court. It

should never be considered by the jury in any way in arriving at an impartial verdict as to the guilt or innocence of the accused").

The charges in this indictment carry severe potential sentences and collateral consequences - the mandatory minimum sentence is 10 years and upon conviction, the defendant would be required to register as a sex offender. The United States is concerned that if evidence concerning the potential penalties and resulting registration requirements faced by the defendant are presented to the jury, the jury's decision could be improperly based on sympathy or prejudice.

Accordingly, the defendant should be restrained from imparting information about his potential sentence and collateral consequences. The United States respectfully requests this Court to preclude any mention of the possible penalties and collateral consequences at any point during the trial.

### 5. The Court Should Admit the Defendants' Prior Convictions Under Federal Rule of Evidence 609

If the defendants choose to testify at trial, the United States should be allowed to demonstrate their lack of trustworthiness by utilizing prior felony convictions and misdemeanor convictions for crime of dishonesty for impeachment purposes.

Federal Rule of Evidence 609(a)(1) provides that "evidence that an accused has been convicted of a [felony] shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial value to the accused." *See United States v. Martinez-Martinez*, 369 F.3d 1076, 1088 (9th Cir. 2004) (admitting a conviction for possession of marijuana for sale for impeachment purposes in an Illegal Reentry trial). The Ninth Circuit has set forth a five-factor test for balancing the relative probativeness and unfair prejudice of a prior conviction. Under this five-factor test, this court should consider: (1) the impeachment value of the prior crime; (2) the temporal relationship between the conviction and the defendant's subsequent criminal history; (3) the similarity between the past and the charged crime; (4) the importance of defendant's testimony; and (5) the centrality of the credibility issue. *United States v. Cook*, 608 F.2d 1175, 1185 n.8 (9th Cir. 1979).

Federal Rule of Evidence 609(b) states that evidence of a conviction

> is not admissible if a period of ten years has elapsed since the date of conviction or the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts substantially outweighs its prejudicial effect.

Fed. R. Evid. 609(b). If a party intends to use convictions outside this 10 years period, it is required to give notice to the opposing party. *Id.*

The United States intends to introduce evidence of the following felony convictions pertaining to each defendant:

Blaylock

| | |
|---|---|
| 10/07 | Bail Jumping |
| 10/07 | Unlawful Possession of Firearm |

Seaton

| | |
|---|---|
| 11/12/2002 | Credit Card Abuse |
| 4/28/2001 | Aggravated Assault |

All of these convictions falls within the time period contemplated by Rule 609(b) and should be admissible to impeach the defendants.

With respect to misdemeanor convictions, Rule 609(a)(2) provides that "evidence that any witness is convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment." Although general felony crimes admitted pursuant to Federal Rule of Evidence Rule 609(a)(1) may be excluded under Rule 403, the Ninth Circuit has held that crimes of dishonesty or false statement admitted pursuant to Rule 609(a)(2) cannot be excluded under Rule 403. *United States v. Leyva*, 659 F.2d 118, 121 (9th Cir. 1982) (citing from the Congressional Conference Report on the Rules of Evidence, the Court held that "convictions of crimes of deception are always provable, regardless of penalty, unless time barred"); *United States v. Brashier*, 548 F.2d 1315, 1326-27 (9th Cir. 1976) ("[t]he admission of prior convictions involving dishonesty and false statement is not within the discretion of the Court. Such convictions are peculiarly probative of credibility and . . . are always to be admitted").

As for misdemeanor convictions, the United States intends to introduce evidence of the following misdemeanor convictions pertaining to each defendant:.

<u>Blaylock</u>

| | |
|---|---|
| 10/19/07 | Fraudulent Use of ID |
| 6/9/2007 | Unlawful Use of Driver's License |
| 3/21/2002 | Theft of Property / $20-500 By Check |
| 11/17/99 | Evading Arrest |

<u>Seaton</u>

| | |
|---|---|
| 11/21/97 | Criminal Mischief / $20-500 |
| 12/11/95 | Theft of Property / $20-500 By Check |

Insofar as these crime involves the making of a false statement, in itself an act of dishonesty, this conviction falls squarely within Federal Rule of Evidence 609(a)(2) and should be admitted. Accordingly, for these reasons, the United States should be allowed to introduce evidence of defendants' prior felony convictions and misdemeanor conviction of dishonesty and false statement under Rule 609 if defendants elect to testify at trial.

Date: August 13, 2008          Respectfully submitted,

                               JOSEPH P. RUSSONIELLO
                               United States Attorney


                                      /s/ Denise Barton
                               DENISE MARIE BARTON
                               Assistant United States Attorney

UNITED STATES' OMNIBUS MOTIONS IN LIMINE, CR 07-0454 PJH
10