JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

DENISE MARIE BARTON (MABN 634052)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7359
    Facsimile: (415) 436-7234
    denise.barton@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff <br>     v. <br> SHANNON BLAYLOCK and <br> TAWAKONI SEATON <br>     Defendants | No.07-0454 PJH <br><br> **JOINT PROPOSED VOIR DIRE QUESTIONS** <br><br> Pre-Trial Conference: August 27, 2008 <br> Time:               1:30 p.m. <br><br> Trial Date:        September 15, 2008 <br> Time:               8:30 a.m. |

1    Pursuant to the June 28, 2008 Order of Pretrial Preparation For Criminal Jury Trial *(ECF*
2    *Docket No. 77)*, the parties hereby submit the following Joint Proposed Voir Dire questions .
3    The parties reserve the right to request such additional questions as may become
4    necessary from rulings on motions in limine or upon determination of the theory of the defense.

6    Date: August 13, 2008                     Respectfully submitted,

7                                              JOSEPH P. RUSSONIELLO
                                               United States Attorney

10                                             ___/s/_____
                                               DENISE MARIE BARTON
                                               Assistant United States Attorney

13                                             SHANNON BLAYLOCK
                                               Defendant

15                                             ___/s/_____
                                               Michael Stepanian
16                                             Attorney for Defendant Shannon Blaylock

1. Do you know anything at all about the facts of this case?

2. Have you heard anything about this case since you arrived at the courthouse?

3. Do you access social networking websites, including Facebook or Myspace.com, or Craigslist on the internet? If so, for what purpose or purposes?

4. The defendant in this case is charged with offenses involving prostitution of a minor, a person under the age of eighteen. Does any member of the panel have beliefs about prostitution and/or sexual abuse of a minor that would prevent him or her from rendering a fair and impartial verdict based solely on the evidence in this case?

5. Defendant Shannon Blaylock is charged with sex trafficking of a minor and conspiracy to engage in sex trafficking of a minor. Is there anything about the nature of these charges that would make it difficult for you to be fair and impartial as a judge of the facts?

6. It is expected that during the course of this trial, you may hear the testimony of a eighteen year old female about events that occurred in 2007, when she was seventeen years old. Is there anyone here who would not give a young person's testimony the same consideration given to any other witness? Is there anyone here that believes young people tell lies about important matters more or less often than adult witnesses?

7. In this case, there will be testimony and evidence about prostitution of adult females. Are there any members of the jury panel who believe that prostitution of adults should be legalized?

8. Can you set aside any bias or prejudice you may have against Defendant Shannon Blaylock because he engaged in sex trafficking of adult women?

9.  In this case, there will be testimony and evidence about prostitution of minor females. Are there any members of the jury panel who believe that prostitution of minors should be legalized?

10. Do any of you believe that if a female, either over or under the age of 18, decides to work as a prostitution, that should be "her business" and not something that the criminal justice system should get involved in?

11. It is expected that during the course of this trial, some of the witnesses will testify that they had been involved in prostitution, in other words taking money for sex. Is there anyone who would not give that person's testimony the same consideration given to any other witness?

12. In this case, the evidence is likely to include explicit references to male and female genitalia and to explicit sexual acts. Is here anyone who believes that he or she would be so embarrassed, uncomfortable, or offended by such evidence that he or she could not listen to it and give it the same consideration as any other evidence in the case?

13. Has your family or the family of a close friend or relative been affected by prostitution?

14. Have you or any member of your family or a close friend ever been accused of sexual abuse of minor?

15. Have you or any member of your family or a close friend made, or known anyone who has made, a report of sexual assault or sexual abuse of a minor?

16. Do you know of any reason why you may be prejudiced for or against the government, for or against any witness, or for or against any defendant, because of the nature of the charges or otherwise?

1  17. In order for the Government to meet its burden of proving defendant's guilt beyond a
2  reasonable doubt, the Government must prove the defendant had knowledge of the age of a female
3  identified as "V.S." and not simply that he should have known. Would you have any problem
4  holding the government to this burden?