UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

No. CR 07-0454 PJH

v.

**ADDENDUM TO FINAL PRETRIAL ORDER RE: COCONSPIRATOR STATEMENTS**

SHANNON BLAYLOCK,

    Defendant.

_____/

At the pretrial conference, the court advised the government that prior to conditional admission at trial, the government would be required to demonstrate by a preponderance of the evidence that: (1) the conspiracy existed when the statement was made; and (2) the defendant had knowledge of, and participated in the conspiracy. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987); *United States v. Larson*, 460 F.3d 1200, 1212 (9th Cir. 2006). The court noted that it will make the additional required determination regarding whether or not the statement was in furtherance of the conspiracy at trial. Accordingly, the court ordered the government to file and serve a description of the specific coconspirator statements that it seeks to admit, along with a showing regarding the above two pre-admission factors, no later than September 5, 2008. The court subsequently issued a final pretrial order on September 9, 2008, and addressed the coconspirator statements in spite of the fact that the government failed to proffer the specific coconspirator statements as ordered.

However, in light of the defendant's September 10, 2008 objection to the government's coconspirator filing,[1] the court will revise its September 9, 2008 order with respect to the coconspirator statements and will require the government to comply with its directive that it submit a list of the specific coconspirator statements.

The government is therefore ordered to deliver to chambers and serve on the defendant **no later than 3:00 pm on Friday, September 12, 2008,** a list of the coconspirator statements that it seeks to introduce at trial. This list should include any *coconspirator statements* that were included in the government's Rule 404(b) filings. As this court noted in the September 9, 2008 order, the government commingled coconspirator statements with its evidence of other crimes, wrongs, and acts. With respect to each coconspirator statement, the government should provide:

(1) the specific statement it seeks to introduce;

(2) the identity of the witness/declarant;

(3) a statement describing the witness/declarant;

(4) a summary of the evidence showing that the witness/declarant knew about and participated in the conspiracy.

Defendant will not be permitted to submit a response to the government's September 12, 2008 coconspirator filing. Instead, the court will entertain argument regarding the coconspirator statements on the first day of trial.

The court will issue a further order regarding defendant's untimely supplemental memorandum as to the proffered Rule 404(b) statements by tomorrow.

**IT IS SO ORDERED.**

Dated: September 11, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge

---

[1] The court notes that it did not previously set a deadline for defendant to respond to the government's September 5, 2008 coconspirator filing, so although the court did not provide leave to defendant to make the filing, it cannot be considered untimely.

2